# Dreer *versus* Pennsylvania Company for Insurance, &c., Administrator.

1. Testator devised and bequeathed the income of his estate to his wife for life, "she paying thereout" the interest or incumbrances on his real estate. She accepted the bequest and received moneys in excess of such interest on incumbrances:

   *Held,* that the holders of the incumbrances could maintain assumpsit against her for interest accruing thereon. In accepting the bequest she assumed to pay that which became her own debt, for which the party entitled to receive the money had a right to sue.

2. One of said incumbrances was a bond and mortgage *given by the* testator to secure the payment of the principal debt "at and immediately after the death of A." Prior to the death of A., testator's executors tendered the full amount of the principal debt, together with interest due at the date of tender, which was refused.

   *Held,* that such tender was no defence in the above brought suit by the mortgagee to recover the interest.

January 5th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.   CLARK, J., absent.

ERROR to the Court of Common Pleas No. 4, of *Philadelphia county:* Of January Term, 1884, No. 192.

This was an action of assumpsit brought August 11th, 1882, by the Pennsylvania Company for Insurances on Lives and Granting Annuities, Administrators d. b. n. c. t. a. of Robert P. De Silver, deceased, against Mary Dreer, to recover the sum of $1,110, upon an implied promise arising out of her acceptance of a bequest under the will of her husband, Henry A. Dreer, coupled with a provision that she should pay thereout, inter alia, the interest on incumbrances on testator's real estate.

The sum claimed was the amount of two semi-annual payments of interest due plaintiff on a certain bond and mortgage given by defendant's husband, Henry A. Dreer, in his lifetime, to Harrison T. De Silver, administrator d. b. n. c. t. a. of Robert P. De Silver, deceased (plaintiff's predecessor).

Said bond was in the penal sum of $37,000, the condition of which was as follows :

The condition of. the obligation is such that if the above-bounden Henry A. Dreer, his heirs, executors, administrators, or any of them, shall and do well and truly pay or cause to be paid unto the above named Harrison T. De Silver, administrator aforesaid, his certain attorney, executors, administrators or assigns, the just sum of eighteen thousand five hundred dollars lawful money aforesaid at and immediately after the decease of Emily B. De Silver, widow of the above named Robert P. De Silver, together with interest at the rate of six per cent. per annum, payable half yearly (the above named principal sum of eighteen thousand five hundred dollars being the same, which by indenture of mortgage bearing even date herewith, made between the parties hereto, to which internal revenue stamps of the United States for the value nine dollars and thirty cents have been previously affixed, and secured upon premises numbered seven hundred and fourteen [714] Chestnut street, Philadelphia) without any fraud or further delay, then the above obligation to be void or else to be and remain in full force and virtue. Provided, however, and it is hereby expressly agreed, that if at any time default shall be made in the payment of the interest for the space of sixty days after my half-yearly payment thereof shall fall due, then, and in such case the whole principal debt aforesaid shall at the option of the said Harrison P. De Silver, administrator aforesaid, his executors, administrators.or assigns, become due and payable immediately, and payment of said principal and all interest thereon may be enforced and recovered at once, anything herein contained to the contrary thereof notwith standing.

The mortgage recited, inter alia, the above provision of the bond, and provided that upon payment of " the aforesaid debt or principal sum of $18,500, on the day and time hereinbefore mentioned and appointed for payment of the same, together with interest as aforesaid," then the mortgage, estate and obligation should cease and determine ; and provided that " in case of default in the payment of the interest as aforesaid thereon " it shall be lawful to sue out a writ of scire facias on the mortgage and proceed to recover principal and interest.

The said Henry A. Dreer died December 22d, 1873, having by his will, dated December 19th, 1873, duly proved, devised, bequeathed and directed as follows, to wit:

" Item. I give, bequeath and devise all the rest, residue and remainder of my estate unto my executrix and executors hereinafter named, their heirs, executors, administrators and assigns forever. To hold the same in trust, nevertheless, for

[Dreer *v.* Pennsylvania Co. for Insurance, &c.]

the following uses, estates, intent and purposes, that is to say, in trust to collect and receive the rents, income, dividends, interest, issues and profits thereof, and pay the same over from time to time, when and as the same shall be gotten in and received, unto my dear wife, Mary Dreer, for and during all the term of her natural life, she supporting and maintaining our unmarried daughters until their marriage, and also paying thereout the interest on the incumbrances on· my real estate, and the principal of the incumbrances, if there be surplus income unexpended."

Letters testamentary were duly granted on the testator's estate to his executors named in his will, who since that time have collected the income of testator's residuary real estate, and have paid over the same to the defendant, Mary Dreer, who accepted the provisions of the said will in her favor, and who received said rents under the terms, conditions,. and burdens therein set forth, to an amount more than sufficient to pay the interest on the incumbrances on the real estate of said Henry A. Dreer and to support and maintain his unmarried daughters, to wit, the sum of $100,000.

Said Emily B. De Silver is still alive.

· The foregoing facts were fully set forth in the plaintiff's narr., wherein it was averred that by reason thereof the· defendant became liable to pay the plaintiff, administrator, &c., the said sum of $1,100, and being so liable, the defendant, in ·consideration thereof, promised the plaintiff to pay the same but neglected so to do on request, &c.

Plea, non assumpsit.

The jury found the following special verdict:

The jury do find, as a special verdict, that the facts set forth in the narr. are true, and, further, that prior to the maturity of the interest sued for, and the institution of the suit, the executors of Henry A. Dreer did tender to the plaintiff the full amount of the principal and interest due upon the bond sued on, which was refused.

The jury further attach to their verdict, as a part thereof, the bond and mortgage mentioned in the narr.

The jury further find that upon the fourth day of June, 1882, there was due twelve months' interest, to wit, eleven hundred and ten dollars (1,110), and do find a verdict for plaintiff for said amount, subject to the opinion of the court as to whether the plaintiff is entitled to a verdict and judgment upon the facts found.

The court, after argument, entered judgment for the plaintiff on the special verdict (no opinion filed). The defendant took this writ of error, assigning for error the said judgment.

[Dreer v. Pennsylvania Co. for Insurance, &c.]

*George Junkin* (with him *Joseph De F. Junkin*) for the plaintiff in error.—While it is true that the condition of the bond was that if the obligor paid the principal sum "at and immediately after the decease of Emily B. De Silver, widow of Robert P. De Silver, together with interest at the rate of six per cent. per annum payable half yearly, . . . . . then the above obligation to be void," and although Emily B. De Silver is still alive—yet we contend that the tender of the full amount of principal and interest due on the bond, before suit brought, and its refusal, was a bar to this action for interest. The condition of the bond was for the protection of the obligor, not the obligee. The obligor could not be compelled to pay the principal until Mrs. De Silver's death, but he was not bound to await that event. There is no *covenant* in the bond, or the mortgage, to pay interest, and no suit could be maintained against the obligor for interest alone. A fortiori there can be no action against Mrs. Dreer on an implied assumpsit for interest alone, for as between her and the obligee there is neither privity of estate nor of contract. This is not like the case of a suit by A. against C. to recover money paid by B. to C. for the benefit of A. If any promise arises on the part of Mrs. Dreer by accepting the bequest, it is for the protection of the testator's estate, and the action for breach must be by his executors. She cannot be liable to two actions, one by the executors, another by a stranger, for the same thing, at the same time : Blymire *v.* Boistle, 6 Watts 182; Kountz *v.* Holthouse, 4 Nor. 235; Guthrie *v.* Kerr, 4 Nor. 303; Wynn *v.* Wood, 1 Out. 216; Torrens *v.* Campbell, 24 P. F. S. 470. Nor does this case come within the principle of Etter *v.* Greenawalt, 2 Out. 422, and prior similar cases, that where a testator's direction to a devisee to pay a sum to a third party is the *consideration* of the devise, a personal liability attaches to the devisee accepting the devise. The devise to Mrs. Dreer in this case is absolute, not on condition or in consideration of her paying anything; the provisions of the will as to the application of the money being simply directory. If she did not apply it as testator directed, and the estate suffered, the estate might hold her, but not the parties to whom she was directed to pay it. The language of the will is : "She supporting and maintaining our unmarried daughters until their marriage, and also paying thereout the interest on the incumbrances on my real estate, and the principal of the incumbrances, if there be surplus income unexpended." Did the testator mean to subject his wife to a suit by any incumbrancer in the event of the latter claiming that the "surplus income unexpended" received by her was sufficient to pay him his interest or his principal? How much

ought to have been expended by her for her out of her provision for her daughters' support? Was this a bequest to the incumbrancer of the interest as it accrued? This bequest was very different from a charge of the interest on the land devised, in favor of the incumbrancer.

*John G. Johnson* (*Frank P. Prichard* with him), for defendant in error.—A suit may be brought for interest alone on a bond, before the principal falls due: Montgomery Agricultural Society *v.* Francis, 7 Out. 378. Where one person receives assets out of which to pay a third person, the latter may sue on the assumpsit: Commercial Bank *v.* Wood, 7 W. & S. 89; Torrens *v.* Campbell, 24 P. F. S. 470. The language here is "she paying thereout," &c.

The opinion of the court was filed January 26th, 1885.

PER CURIAM. Under the special verdict, this case is clearly right. It shows the plaintiff in error assumed the obligation to pay the debt in question out of property put into her hands for that purpose, at the time she received the property, and that from the proceeds thereof, she had actually received a sum of money more than sufficient to pay the debt or interest which she had agreed to pay. The right of the party to sue who was entitled to receive the money, is affirmed by numerous authorities: Torrens *v.* Campbell, 24 P. F. S. 470; Justice *v.* Tallman, 5 Norris 147; Kountz *v.* Holthouse, 4 Id. 235; Wynn's Administrator *v.* Wood, 1 Out. 216. She assumed to pay that which became her own debt.

Judgment affirmed.