# Ebensburg Building & Loan Association *v.* Westchester Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Standard policy—Mortgage clause—Party to suit—Subrogation.*

An action may be brought on a standard policy of fire insurance containing the mortgage subrogation clause, in the name of the mortgagee alone.

The mortgage clause in the standard fire policy is notice to the company of the rights of the mortgagee; and if the company by mistake pays the amount of the policy to the mortgagor, it will still be liable to the mortgagee.

In an action on a standard fire policy containing a mortgagee subrogation clause, an affidavit of defense is insufficient to prevent judgment which does not aver a tender of the money to the mortgagee plaintiff and a demand of an assignment of the plaintiff's claim for the purpose of subrogation.

Argued May 3, 1905. Appeal, No. 178, April T., 1905, by defendant, from order of C. P. Cambria Co., Sept. T., 1904, No. 467, making absolute rule for judgment for want of a sufficient affidavit of defense in case of the Ebensburg B. & L. Association v. Westchester Fire Insurance Company, of New York. Before BEAVER, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a policy of fire insurance.

The opinion of the Superior Court states the facts of the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*D. C. Jennings*, with him *W. K. Jennings*, for appellant.— The action should have been brought in the name of the insured: Stainer v. Ins. Co., 13 Pa. Superior Ct. 25; Thatch v. Ins. Co., 11 Fed. Repr. 29; Hocking v. Ins. Co., 99 Tenn. 729 (42 S. W. Repr. 451); State Mut. Fire Ins. Co. v. Roberts, 31 Pa. 438; Insurance Co. v. Insley, 7 Pa. 223; De Bolle v. Insurance Co., 4 Wharton, 68.

The defense set up in the affidavit of defense, that we offered to pay the amount of the loss a second time to the mortgagee upon a transfer of its rights against the mortgagor, is a good one, and the court below in entering judgment should have made an order for the defendant company to pay the mortgagee upon being protected in its claim of subrogation: Stoughton v. Gas Co., 165 Pa. 428; O'Neil v. Ins. Co., 166 Pa. 72; Backenstoe v. O'Neil, 18 Pa. Superior Ct. 55.

*M. D. Kittell*, for appellee.—The party to whom the loss is payable may maintain action in his own name: Clement's Fire Insurance Digest (edition of 1893), page 15, par. 39; Frink v. Hampden Ins. Co., 31 How. Prac. 30; 1 Abb. N. S. 343; Guernsey v. American Ins. Co., 17 Minn. 104; Chamberlain v. Ins. Co., 55 N. H. 249; Hadley v. Ins. Co., 55 N. H. 110; Berthold, v. Clay Fire, etc., Ins. Co., 2 Mo. App. 311; State Ins. Co. v. Maackens, 38 N. J. L. 564; Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439; Westchester Fire Ins. Co. v. Foster,

90 Ill. 121; St. Paul Fire & Marine Ins. Co. v. Johnson, 77 Ill. 598; Pitney v. Glen Falls Ins. Co., 65 N. Y. 6; Turner v. Quincy Mut. Fire Ins. Co., 109 Mass. 568; Cone v. Niagara Fire Ins. Co., 60 N. Y. 619; Roussel v. St. Nicholas Ins. Co., 41 N. Y. Super. Ct. 279; Motley v. Manufacturers' Ins. Co., 29 Maine, 337.

The contractual relation between the insurance company and the mortgagee is contained in its entirety in the mortgagee clause. The insurance company had notice of the mortgagee clause and of the interest of the insured, and in paying the loss to J. E. Kuhn after such notice, did so at its peril: Clement's Fire Insurance Digest, page 478, par. 121; Wilson v. Hakes, 36 Ill. App. 539; Ennis v. Harmony Fire Ins. Co., 16 N. Y. Super. Ct. 516; Adams v. Edwards, 115 Pa. 211.

It is not sufficient for the company to merely claim that no liability existed; it must be made to appear affirmatively that there was no liability for payment of the loss occasioned by the fire. The defendant is estopped from raising the question of no liability to the insured, the payment of the loss to him being an admission of liability which cannot now be controverted: Clement's Fire Ins. Dig., page 599, par. 21a; Anderson v. Ins. Co., 18 Ont. 355; Bull v. North Brit. Co., 14 Ont. 322; Klein v. Ins. Co., 3 Ont. 234; Howes v. Ins. Co., 8 Ont. App. 644.

Even if the company had tendered payment of the whole amount unpaid on the mortgage held by the association against J. E. Kuhn, it would not be entitled to subrogation without affirmative proof that the claim of nonliability was well founded: Clement's Fire Insurance Digest, page 601, par. 34; Traders' Ins. Co. v. Race, 21 Ins. L. J. 363, 29 N. E. Repr. 846, 21 N. Repr. 392; Meriden Savings Bank v. Home Mut. Fire Ins. Co., 50 Conn. 396; Sterling Fire Ins. Co. v. Beffrey, 50 N. W. Repr. 922; Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141.

An insurance company which, upon payment to the assignees of a mortgage and the policy, of a total loss under a policy issued to the mortgagor upon the mortgaged property, with loss payable to the mortgagee, takes to itself an assignment of the mortgage must credit thereon the amount paid under the policy since the indebtedness on the policy is to the mortgagor

although payable to the mortgagee: Clement's Fire Insurance Digest, p.600, par. 32; Home Ins. Co. v. Marshall, 48 Kans. 235 (29 Pac. Repr. 161).

OPINION BY MORRISON, J., July 13, 1905:

This was an action of assumpsit brought by the plaintiff in its own name, against the defendant, founded on a certain fire insurance policy, No. 1266, issued to J. E. Kuhn, dated January 14, 1904, for the sum of $750 upon certain property described in the policy. This policy was not under seal, and it contained what is known as the New York and New Jersey, Connecticut and Rhode Island Standard Mortgagee clause, to wit:

" Loss or damage, if any, under this policy shall be payable to the Ebensburg Building and Loan Association, as first mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy: Provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"This company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this company shall have the right on like notice to cancel this agreement.

" Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the

mortgagee (or trustee) the whole principal due or to grow due
on the mortgage, with interest, and shall thereupon receive a
full assignment and transfer of the mortgage and of all such
other securities ; but no subrogation shall impair the right of
the mortgagee (or trustee) to recover the full amount of their
claim.   Dated 1, 14, '04."

The plaintiff declared on these clauses of the policy and at-
tached a full copy of said policy to its declaration.   The con-
tention arises in this case by reason of the defendant company
having inadvertently or improvidently paid to J. E. Kuhn,
in satisfaction of his loss under said policy, the sum of $742.50.
This payment was made in utter disregard of Kuhn's mortga-
gee, the plaintiff herein.

The judgment was granted by the court below for want of
a sufficient affidavit of defense   It is not denied in the affi-
davit of defense that Kuhn was owing the plaintiff more than
the amount of the policy declared on, on its mortgage against
him.

There is but one assignment of error :  " The court erred in
making the following order :  And now, November 10, 1904,
rule for judgment for want of a sufficient affidavit of defense
is made absolute, and judgment for amount of plaintiff's claim
is directed to be entered in favor of plaintiff and against de-
fendant, with interest from February 23, 1904, and costs."

The learned counsel for appellant states that there are two
questions in the case : 1. Whether the suit should not have
been brought in the name of the insured, J. E. Kuhn, for use
of the Building and Loan Association instead of in the name
of the present plaintiff.   2. The other defense arises out of
that portion of the Standard Mortgagee clause attached to the
policy in suit, which reads as follows : We have already quoted
the language referred to by the counsel and will not here repeat
it.   It refers to subrogation.

The plaintiff's declaration, it seems to us, concisely states a
good cause of action.   It is difficult to see why the Standard
Mortgagee clause above quoted does not confer upon the
plaintiff the right to sue in its own name.   If the policy had
been under seal it is contended that the following cases, cited
by the appellant, would put the plaintiff out of court : Ameri-
can Ins. Co. v. Insley, 7 Pa. 223 ; De Bolle v. Penna. Ins.

Co., 4 Whart. 68 ; Ardesco Oil Co. v. North American Oil & Mining Co., 66 Pa. 375. But the policy in suit is not under seal and, therefore, the authorities above mentioned do not control.

The learned counsel cites Stainer v. Ins. Co., 13 Pa. Superior Ct. 25, to the effect that "Where by the terms of the policy the loss, if any, is made payable to a mortgagee as his interest may appear, the cause of action is the rights of the assured alone, and without assignment the process must run in his name." But we do not think that case rules the question. In the opinion by Judge BEAVER, p. 39, we find : " The plaintiff, in negotiating a loan from the use plaintiff, the Northampton County Building and Loan Association, pledged the insurance policy as collateral security, of which due notice was given to the defendant's agent, and an indorsement in the usual form in such cases made upon the policy." This shows very plainly why the suit was properly brought in the name of the insured, to the use of the party to whom the insured pledged it as collateral security. But that is not our case. The insurance company in it agreed to pay the loss to the plaintiff in plain terms, and having improvidently paid it to the insured, how could the plaintiff maintain an action in the name of Kuhn as legal plaintiff to its use ? It certainly could not do so because the answer of the company would be we have paid the legal plaintiff and thereby satisfied the policy. It does not seem that the exact question here raised, on the Standard Mortgagee clause in suit, has been decided in Pennsylvania, but there seems to be many authorities in sister states which hold that such mortgagee can sue in its own name. Among these cases are Pitney v. Glen's Falls Ins. Co., 65 N. Y. 6 ; Cone v. Niagara Fire Ins. Co., 60 N. Y. 619. " Where a mortgagee holds a policy with a mortgagee clause attached, the clause operates as a contract of which the policy forms a part, and the mortgagee may maintain an action without joining the owner and original insured under the policy. They are two independent contracts, and the company cannot complain if harassed by a suit by the owner and mortgagor : " Clement's Fire Ins. Digest, p. 475, par. 84 ; Meriden Savings Bank v. Ins. Co., 12 Ins. L. J. 620, and the same case, 50 Conn. 396.

A contractual relation exists between the defendant com-

pany and the mortgagee plaintiff and it is contained in its entirety in the mortgagee clause. The insurance company had notice of the mortgagee clause and of the interest of the insured and of the plaintiff, and in paying the loss to Kuhn, after such notice, did so at its peril: Clement's Fire Ins. Digest, p. 478, par. 121; Wilson v. Hakes, 36 Ill. App. 539. Payment to the mortgagor without the consent of the mortgagee will not discharge the liability of the company to the mortgagee: Clement's Fire Ins. Digest, p. 18, par. 71.

In Joyce on Insurance, vol. IV, sec. 3614, it is said: "The mortgagee clause which is now inserted in policies to a great extent, and which generally provides for the protection of the mortgagee against all acts of the mortgagor which might nullify the policy, such as alienation, occupation of the premises for purposes more hazardous than are permitted by the policy, etc., and which also generally further provides that where the company claims no liability exists as to the mortgagor it shall be subrogated as to the rights of the mortgagee, has been held to have the effect of making the insurance contract one between the mortgagee and the company, and one under which the mortgagor has no rights." Citing Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141; Westchester Fire Ins. Co. v. Coverdale, 48 Kans. 446; (29 Pac. Repr. 682); 21 Ins. L. J. 530, and Ulster County Savings Inst. v. Leake, 73 N. Y. 161, and other cases.

Same section from Joyce: "So where a policy was made payable to the mortgagee with a mortgagee clause of this nature attached, which also provided that the mortgagee should, in case the risk was increased, pay the premium upon the failure of the mortgagor to do so, and the company sued the mortgagee to recover such premium, it was held that the policy ran directly to the mortgagee, and that under this clause he was liable for the premium. And in a Kansas case, in an action upon a policy to which had been added a mortgagee clause, it was decided that the mortgagor could not sue upon the policy, as a new and independent contract was created by the addition of the mortgagee clause between the insurer and mortgagee, by which the latter could sustain no loss of rights under the policy in consequence of any acts of the mortgagor, and, therefore, he had a separate and distinct interest under the policy; the

same ruling is made in New York." Citing Westchester Fire Ins. Co. v. Coverdale, 48 Kans. 446 (29 Pac. Repr. 682) and Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141. See also notes of cases on page 274 of vol. 25, L. R. A. which go to the full extent of holding that the mortgagee, on a clause like the one in the present case, can sue in its own name.

In Mosser v. Donaldson, 9 Central Reporter, 153, it was held that the third party could not maintain an action in his own name on an insurance policy on the ground that the words " for the benefit of whom it may concern " applied only to the parties to the contract ; and there being no evidence that the insurance was for the plaintiff's benefit. In that case the learned court below held, " The controlling question was this : was the clause quoted above made for the plaintiff's benefit? If it was, they may sue upon it, although they are not parties to the instrument." Citing Dreer v. Penna. Co. for Ins., etc., 108 Pa. 226. While the decision is against the right of the third party to maintain the action, yet it rests upon special reasons and inferentially the right to maintain such action in a proper case is recognized. In that case the decision was affirmed by the Supreme Court without an opinion.

In our opinion, both on principle and authority, the suit of the mortgagee in the present case should be sustained.

The second ground of defense can be briefly disposed of. Let it be conceded, for the argument's sake, that on payment by the defendant to the plaintiff of the amount covered by the policy, the defendant should be subrogated to the rights of the plaintiff, and still the learned court was right in granting judgment for want of a sufficient affidavit of defense. The affidavit did not aver a tender of the money to the plaintiff and a demand of an assignment of the plaintiff's claim for the purposes of subrogation. The clause under which the defendant claims the right of subrogation reads : " Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy," etc. The affidavit does not aver the payment or tender of any sum to the mortgagee plaintiff. The defendant should have paid the money into court or have made a lawful tender of it to the plaintiff and kept up the tender, and then if entitled to subrogation, the law would take care of the defendant's rights. This defendant is not squarely

meeting the issue.  It denies the right of the plaintiff to recover at all in this suit and in the next breath says it would have paid if the plaintiff had been willing to subrogate it to all of its rights.  We think the learned court did not err in holding the affidavit of defense insufficient to prevent judgment.

The assignment of error is dismissed and the judgment affirmed.