Bentley Kassal, J.
Plaintiff’s motion for summary judgment is denied and on the motion of the court, after examining all the papers herein, and searching the record, summary judgment is granted in favor of the defendant under CPLR 3212 (subd. [b]).
The facts are all conceded. Plaintiff, as the assignee of a security agreement (retail installment contract) executed by a car owner in connection with the purchase of an automobile, had been named by the defendant in its automobile insurance policy as a lienholder. A copy of the certificate of automobile insurance, issued by defendant to the owner and plaintiff is part of the motion papers and paragraph 7 states: “ 7. Any loss under Part III is payable as interest may appear to the named insured and Ford Motor Credit 'Co.”
A total loss, covered by this insurance policy, occurred and on June 11, 1969, the defendant issued its check in the amount of $2,430. The check was drawn to the order of ‘1 Rosemary Underweiser & Ford Motor Credit Corp.” and sent to the owner. It is noteworthy that plaintiff claims that it is now owed $2,077.35, the balance due under the agreement, which is less than the check issued by defendant.
The owner indorsed the check in blank and the photostatic copy of same, part of the opposing papers shows no indorsement by plaintiff. The check also bears the stamp of Peninsula National Bank, Cedar Hurst, N. Y. under the owner’s indorsement. It is not questioned that Peninsula National Bank did honor a check to the order of two named copayees without obtaining the indorsement of the second copayee, the plaintiff. Thereafter, defendant’s bank, Hartford National Bank and Trust ¡Company, Hartford, Connecticut, upon which this check was drawn, did further honor the check despite the obvious omission of one of the two required indorsements.
Plaintiff never received its share of the insurance proceeds as “ its interest may appear,” and contends that its interest in the proceeds was severable and independent and, as far as defendant is concerned, could not be prejudiced by the owner’s acts.
Plaintiff relies upon the rule of law in the case of Syracuse Sav. Bank v. Yorkshire Ins. Co. (301 N. Y. 403) claiming that *415 the legal effect of a mortgage clause in an insurance policy is to make an entirely separate insurance of the mortgagee’s interest, thereby resulting in an independent obligation to pay the mortgagee the lien sums due it.
This court disagrees with the application of this principle to the case at bar. The facts in the Syracuse Savings Bank case are not analogous. That case pertained to a mortgagee of real property which had been named in a standard mortgagee clause in a fire insurance policy covering the premises. The owner and insurance company, unable to agree as to the amount of the loss, had each appointed an appraiser for that purpose, as provided in the policy. However, the mortgagee had no notice of such appointment or of the subsequent appraisal. It maintained that the appraisal was inadequate, its rights had been materially prejudiced by the insurance company’s action and it was not bound by acts not involving the mortgagee. The Court of Appeals agreed with this position and said that the standard mortgagee form, on those facts, created an independent insurance of the plaintiff’s interest as if it had a separate policy, and an appraisal, without its knowledge or participation, was not binding upon it. The court cited other examples of prejudicial acts that would produce the same legal result, such as the failure of the owner to submit the required proof of loss; that the mortgagee was a necessary party in any suit for recovery on the policy and that the mortgagee was not bound by the owner’s proof of loss or admission regarding value or damage after the fire. In all such cases, the mortgagee could not be prejudiced by the owner’s acts or omissions and it is noteworthy that all of these pertain to matters prior to a settlement and for a sum less than mortgagee’s interest therein.
This is not the situation here, in that the settlement check was $2,430 and plaintiff’s interest was only $2,077.35. The principle of the Syracuse case applies only to prejudicial actions by the insurance company prior to settlement. This is especially true here since, at best, this was a ministerial act in transmitting the settlement check drawn as provided by the certificate of insurance. If, in the present case, the settlement had been for a sum less than the amount due plaintiff, with the plaintiff not having been apprised of or participated in such settlement proceedings, then I concur that the Syracuse case would be applicable to these changed facts. However, that is not the case.
Accordingly, it was not the defendant’s settlement with the owner that caused the damage herein nor did the defendant’s acts or omissions alienate or prejudice plaintiff’s possessory right as copayee to participate in the said check proceeds. It *416 was one or more of these parties: The owner, either wittingly or otherwise, by attempting to negotiate the check; Peninsula National Bank, by honoring it without the required two indorsements; and, further, the Hartford National Bank and Trust Company by paying the proceeds without legal authority to Peninsula. Plaintiff has adequate relief against any or all of the foregoing.
I, therefore; direct that summary judgment be entered for defendant, dismissing the complaint on the grounds that it fails to state a cause of action against defendant.