Burton S. Sherman, J.
Motions nos. 99 and 100 of December 11, 1972, are consolidated for the purpose of this disposition.
In this action for breach of contract, the plaintiffs move for summary judgment, pursuant to CPLR 3212, and the defend-a,nt third-party plaintiff moves for the same relief on its third-party complaint.
In the main action, the plaintiffs as mortgagees were parties to an indorsement on a fire insurance policy, which stated in effect, that the defendant insurer pay to the plaintiffs any loss subject to the provisions of the mortgage on certain real property.
It is undisputed that there was a fire and the loss adjusted. A settlement draft for $1,607.14 was issued by the defendant listing the plaintiffs and the owner of the property as payees. The plaintiffs now claim that the draft was never delivered to them; that their signature was forged, and they never received the proceeds -thereof.
The contractual indorsement obligated the defendant to pay the proceeds of any fire loss to plaintiffs to the extent of their *494 equity in the property. (Syracuse Sav. Bank v. Yorkshire Ins. Co., 301 N. Y. 403; Ebensburg Bldg. & Loan Assn. v. Westchester Fire Ins. Co., 28 Pa. Super. Ct. 341; Guinn v. Houston Fire & Cas. Ins. Co., 32 So. 2d 613; 6 Appleman, Insurance Law & Practice, § 4008, p. 738.)
Such equity in this case far exceeds the amount of the draft. (Cf. Ford Motor Credit Co. v. Aetna Cas. Co., 64 Misc 2d 413.)
The defendant does not deny that the draft was not delivered to the plaintiffs, nor that the owner, Mazelm Realty Corp. was listed ás a payee on the instrument. It merely .urges that it has no knowledge as to whether the indorsements on the draft were forgeries. There is a line of eases which hold that where the facts' are peculiarly within the knowledge of the rpQving party, summary judgment may be denied. (Kamen v. Metropolitan Life Ins. Co., 6 N Y 2d 737.)
However, in this case, the issue of whether the indorsements were forged was readily ascertainable by the defendant in discovery proceedings. Moreover, it is clearly within defendant’s knowledge whether the draft was in fact delivered t<t the plaintiffs. Under such circumstances* a denial of lack of knowledge is insufficient to defeat a motion for summary judgment.
As to the motion for summary judgment in the third-party action, the draft clearly indicates that it was “ payable through ” Manufacturers Hanover Trust Company. As such, the third-party defendant bank was merely the agent of the third-party plaintiff, not a drawee bank.
On the facts here presented, there is no issue of liability raised as to the said third-party defendant bank. (Uniform Commercial Code, § 3-120.) Since a motion under CPLR 3212 (subd. [b]) searches the record, summary judgment is awarded to the third-party defendant, and the third-party complaint dismissed and judgment may be entered accordingly.
In the main action, plaintiffs’ motion is granted and judgment awarded in the amount of $1,607.14 with interest from October 20,1971.