# Frazier *v.* Parks' Adm'rs.

### *Bill in Equity for Foreclosure of Mortgage; Cross Bill for Cancellation.*

1. *To what party may testify, in suit by or against administrator.*—In a suit for the foreclosure of a mortgage, executed by the defendant to the plaintiff's intestate, the defendant can not testify, as a witness for himself (Rev. Code, § 2704 ; Sess. Acts 1874-5, p. 252), that he deposited certain railroad stock with the intestate, to be applied as a payment on the mortgage debt.

2. *Attorney's authority to receive payment of judgment.*—An attorney at law has authority to receive payment of a judgment which he has obtained for his client; and a payment to him, even by a stranger, is a satisfaction of the judgment as against the plaintiff therein.

3. *What consideration will support mortgage and secured note.*—Payment by a third person, at the instance and request of a surety, of a judgment against the principal and surety, is a sufficient consideration to support a note and mortgage, given by the surety for the repayment of the money.

4. *Administrator's attorney; liability to distributees.*—When an attorney collects money for an administrator, he is liable only to his client, and not to the distributees of the estate; consequently, when the attorney, or his personal representative, files a bill to foreclose a mortgage given by one of the distributees to him, the defendant can not set off against the mortgage debt his interest in moneys collected by the attorney for the administrator of the estate.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. H. C. SPEAKE.

The original bill in this case was filed on the 26th April,

1873, by the administrators of the estate of Hugh L. Parks, deceased, against Samuel W. Frazier, and sought to foreclose a mortgage on land, which was executed by the defendant to said Hugh L. Parks. The mortgage was dated the 12th July, 1867, and was given to secure the payment of a promissory note for $662.73, of even date with the mortgage, and payable twelve months after date, to said Hugh L. Parks; and both the note and mortgage were made exhibits to the bill. The defendant answered the bill, admitting the execution of the note and mortgage, but insisting that the debt was paid and satisfied, in whole or in part, by certain shares of stock in the Memphis & Charleston Railroad Company, which he had sold and delivered to said Hugh L. Parks a short time before his death, and which were to be applied to the payment of said mortgage debt at their market value in Huntsville at the time of the transfer.

The complainants afterwards filed an amended bill, alleging that, prior to said 12th July, 1867, the defendant was indebted to said Hugh L. Parks, as evidenced by two other promissory notes, which were made exhibits; that a settlement was had between them on that day, on which it was ascertained that there was a balance of $38.73 in favor of the defendant; also, that in October, 1861, Mrs. Lavinia Kirby had obtained a judgment in the Circuit Court of Jackson county, against A. J. Kirby, said Samuel W. Frazier, and Benjamin Snodgrass, for $497.93; that on said 12th July, 1867, said Hugh L. Parks paid and satisfied this judgment, at the instance and request of said Frazier, on whose property an execution had been levied, and took an assignment of the judgment to himself; that the amount due to said Parks on said 12th July, 1867, on account of this payment, was $701.46, from which was deducted the balance due to said Frazier ($38.73), and the mortgage note was given for the sum thus ascertained to be due to said Parks, $662.73; and that this was a full settlement of all matters of account existing between them on that day.

The defendant answered the amended bill, denying that there had been a full settlement of accounts between himself and Parks on said 12th July, 1867; and alleging, as to the other two notes then held by Parks against him, that, by agreement between himself and Parks, they were to be paid out of his interest in moneys belonging to the estate of his deceased father, which said Parks had collected as attorney for the administrator; that the administrator had died without settling his accounts, and that these moneys had never been accounted for. As to Mrs. Kirby's judgment, he alleged, that he was only a surety for A. J. Kirby, the principal de-

fendant; that on said 12th July, 1867, Parks represented to him that he had purchased said judgment from Mrs. Kirby, and showed him the assignment on the execution docket, and agreed to give him an extension of twelve months to pay it, if he would secure it by note and mortgage; that he executed the note and mortgage on the supposition that Parks in fact owned the judgment, but afterwards ascertained that Mrs. Kirby had never assigned it, and still owned and claimed it; and so he insisted that the note and mortgage were without consideration, and prayed that his answer might be taken as a cross bill, and that they might be delivered up and cancelled. As to the railroad stock, he alleged that it was sold and delivered to Parks in part payment of the mortgage debt, and was worth $325.

The complainants in the original bill filed an answer to the cross bill, alleging that their intestate paid Mrs. Kirby's judgment, to her attorney of record, at the instance and request of said Samuel W. Frazier, and took the assignment of said judgment for his benefit. The depositions of several witnesses were taken by both parties, and there was some conflict in the testimony; but the opinion of this court renders it unnecessary to state the evidence. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants, and dismissed the cross bill; and his decree is now assigned as error.

W. H. NORWOOD, with RICE, JONES & WILEY, for appellant.

WATTS & SONS, contra.

STONE, J.—Certain questions controverted in this case, are, we think, so established by the proofs, that we lay them down as facts. Among these are the following: That W. H. Robinson, esq., was the attorney of record of Lavinia Kirby, in the matter of her suit and judgment against A. J. Kirby, S. W. Frazier, and Benjamin Snodgrass; that Hugh L. Parks, complainant's intestate, paid to Robinson the amount that remained due on said judgment, taking a transfer of same to himself, made by said Robinson in the name of Lavinia Kirby; that this payment was made by Parks, at the instance and request of Frazier, who was the surety of A. J. Kirby in said judgment; that the note and mortgage executed by Frazier to H. L. Parks, July 12, 1867, were given by him as security for the repayment of the money he, Parks, had so paid for Frazier to Mrs. Kirby; that H. L. Parks, in his life-time, was counsel and collecting attorney for Robert Frazier, as administrator of the estate of Joseph P. Frazier,

deceased, of which estate S. W. Frazier was a distributee; that in 1867, before the execution of said note and mortgage, said S. W. Frazier was indebted to H. L. Parks by two notes and an account, amounting, with interest, to about $285 on July 12th of that year; and, at some time—date not definitely fixed—said S. W. Frazier let H. L. Parks have twenty-five shares of stock in the Memphis & Charleston Railroad. The testimony tends to show this stock was worth three hundred and twenty-five dollars.

Certain other questions are left in dispute by the evidence. Among these are the following: Whether Frazier let Parks have the stock before or after July 12th, 1867; and whether Parks had in his hands any money assets, belonging to Robert Frazier, administrator of Joseph P., deceased. S. W. Frazier, defendant, testified that he let Parks have the railroad stock after he executed the note and mortgage, on an agreement that the proceeds should be applied, *pro tanto*, to the extinguishment of the mortgage debt. This testimony was duly objected and excepted to, and was rightly ruled out by the chancellor. It related to a "transaction with the intestate;" and, under the statute, he was not competent to testify in regard to it.—Rev. Code, § 2704, as amended. There is no legal evidence in the record, which shows the agreement, or terms, on which Frazier let Parks have the railroad stock. As we stated above, it is not satisfactorily shown whether Frazier let Parks have the railroad stock before or after the execution of the mortgage.

It is contended for appellant, that Robinson had no authority to transfer to Parks Mrs. Kirby's judgment against A. J. Kirby, Frazier and Snodgrass; and that, consequently, that judgment is still the property of Mrs. Kirby, and Frazier is liable to pay it to her. We consider it unnecessary to inquire into Robinson's right to transfer the judgment.—See Rev. Code, § 3078. Being attorney of record in the cause, he clearly had the right to receive the money due upon it; and he might so receive the money from a stranger. Receiving the amount in full, no matter by whom paid, Mrs. Kirby would no longer have the right to enforce the judgment for her benefit, but must look to Robinson, her attorney, for the money.—*Albertson, Douglass & Co. v. Goldsby*, 28 Ala. 711.

The payment of this money by Parks, at the instance and request of Frazier, was and is a sufficient consideration to uphold Frazier's note and mortgage to Parks. The testimony shows that the assignment of the judgment to Parks was for the benefit of Frazier; and if Mrs. Kirby should attempt to enforce the collection of the judgment, Frazier,

on the testimony found in this record, could have it entered satisfied.

Much conjecture has been indulged, based on the fact, that while the sum collected of Parks by Robinson was $591.94, the note given by Frazier to Parks, with mortgage to secure it, was for the sum of $662.73 ; a difference of $70.79.   Much of this apparent incongruity is explained, when it is remembered that Parks paid cash on 12th July, 1867, and took Frazier's note at twelve months without interest.   It is a noticeable fact, too, that the amount of the note, $662.73, is within ten or fifteen cents of the precise sum, which the amount paid, $591.94, would amount to at the end of twelve months, by adding to it one per cent. a month,—twelve per cent. a year.   While it is usurious and unlawful to charge more than eight *per centum, per annum,* for the loan or forbearance of money, it is known that such usurious charges are not infrequently made.   We have volunteered these remarks as a possible solution of the apparent repugnancy between the amount paid, and the sum of the note taken.   The plea of usury was not interposed, and hence no legal question can grow out of it.

The remaining points of the defense relied on are :   *First,* that the proceeds of the railroad stock should have been allowed as a partial payment on the mortgage note.   The proof in the record does not convince us that the chancellor erred in disallowing this claim.   As we have said, the proof leaves the question in doubt, whether Parks received the stock before or after July 12, 1867, the date of the note and mortgage.   The testimony shows that Frazier owed Parks, on other account, a sum nearly equal to the proved value of the stock.   It is quite as reasonable that the stock was applied to the liquidation of that claim, as that it should be allowed as a partial payment of the mortgage note.   The testimony is too meagre and unsatisfactory to support this plea of payment.

*Second,* It is claimed that intestate, as attorney of the administrator of Joseph P. Frazier, had in his hands moneys of said estate, in which defendant Frazier was entitled to share as distributee ; and defendant seeks to set this off against the note and mortgage.   We say *set off,* because there is no legal proof that Parks had agreed to so apply it.   The proof is very unsatisfactory on the question, whether he had, or had not in his hands, money assets belonging to the estate of Joseph P. Frazier.   But, if the testimony were full to this point, it could not help the appellant.   An attorney, in such conditions, would have no authority to make distribution, or to make payments to or for the distributees.   It was his

duty to pay such moneys to the administrator, whose duty it was to make distribution.

The answer of defendant to the amended bill, not being sworn to, is not evidence.

The decree of the chancellor is affirmed.

BRICKELL, C. J., not sitting.