CASE 103—PETITION ORDINARY—MAY 31.

## Sun Insurance Office v. Varble, Receiver.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. LANDLORD AND TENANT—INSURANCE—STATUTORY CONSTRUCTION. —Under the provisions of section 2297 of the Kentucky Statutes that "unless the contrary be expressly provided for in the writing, no agreement of a lessee that he will repair, or leave the premises in repair, shall have the effect of binding him to erect similar buildings, if without his fault or neglect, the same may be destroyed by fire, or other casualty," has reference to cases where there is a partial loss by fire, as well as where there is a total loss.

2. SAME.—But if there was no such statute, a lease contract by which the lessee agreed to deliver the premises at the end of the term in good repair, does not obligate him to restore the buildings destroyed by fire without his fault, where it is further provided in the contract that he was to insure the buildings and assign the benefit thereof to the lessor to be used in replacing the improvements in case of loss.

3. FIRE INSURANCE—PRO-RATING LOSS.—The lessee having procured policies of fire insurance, by which it was provided that the insurers "in case of any other insurance upon the property hereby insured * * * * shall not be liable under this policy for a greater portion of any loss sustained than the sum hereby insured

Sun Insurance Office v. Varble, Receiver.

bears to the whole amount of insurance on said property issued to, or held by, any party having an insurable interest therein," in pro-rating a partial loss, insurance held by the lessor, who had an insurable interest therein, must be taken into account.

4. SAME.—The provision in the policies issued to the lessee for the benefit of the lessor and certain of her mortgagees, that "the interest of the mortgagee, or trustee * * * * shall not be invalidated by any act, or neglect, by the mortgagor, or owner of the property insured" is limited and controlled by the more particular provision therein relating to pro-rating in case of loss, and such additional insurance by the lessor must be taken into account in pro-rating the loss.

B. F. BUCKNER FOR APPELLANT.

1. Without an express covenant to be so liable the writer of a policy of insurance on the interest of a reversioner is not compelled to contribute with other policies written on the interest of a tenant for life, or years, of the same property. May on Insurance, sec. 434 and secs. 131, 430 and 436; Howard Insurance Co. v. Scribner, 5 Hill (N. Y.), 298; Royal Insurance Co. v. Roedel, 78 Pa. St., 19; Sloat v. Royal Insurance Co., 49 Pa. St., 14; North British Insurance Co. v. Liverpool & London & Globe Ins. Co., L. R. 5 Ch. D., 569; Arnould on Marine Ins.; Aetna Fire Ins. Co. v. Tyler, 16 Wend., 385; Forebush v. West Mass. Ins. Co., 4 Gray, 337; Nichols v. Fayette Mutual Ins. Co., 1 Allen (Mass.), 63; Harris v. Ohio Ins. Co., 5 Ohio, 467; Root v. Cincinnati Ins. Co., 1 Disney, 138; Franklin Ins. Co. v. Drake, 2 B. M., 47; Wells v. Philadelphia Ins. Co., 9 S. & R., 103; Addison on Torts, 202, 75, 155, 213, 145, 289 and 313; Evelyn v. Raddish (Holt) N. P. C., 543; Hoskins v. Phillips, 3 Exch., 182; Battachiall v. Reed, 18 C. B., 714.

2. The lessee in discharge of his contract duty has fully reinstated the building to its former condition, and the lessor has therefore not been injured, and has no cause of action against the appellant; the contract of insurance being one purely of indemnity, anything which reduces or diminishes, or covers the loss, reduces or diminishes or wipes out the amount which the indemnifier is bound to pay. Burnand v. Rodocanachi, L. R., 7 Appeal Cases, 339; Castellain v. Preston, L. R., 8 Q. B., 616; Ky. Statutes, sec. 2297; Hayes v. Ferguson, 15 Lea (Tenn.) 1; Pym v. Blackburn, 3 Ves. Jr., 38; Reading v. Hall, 1 Bibb, 536; Taylor's Landlord &

Tenant, sec. 364; Bohanan v. Lewis, 5 Mon., 380; Wall v. Hinds, 4 Gray, 256; 7 Cranch, 415; 1 Wheaton, 219; 7 How., 596; Ins. Co. v. Fogarty, 15 Wallace, 642; Seyk v. Miller's National Ins. Co., 74 Wis., 67; German Ins. Co. v Eddy, 54 N. W. Rep., 856; Hartford Fire Ins. Co. v. Williams, 63 Federal Rep., 925; Eddy v. London Ins. Co., 143 N. Y., 311 and 656; Hastings v. Insurance Co., 73 N. Y., 149; Taylor on Landlord & Tenant, secs. 400 and 437.

HUMPHREY & DAVIE for appellees.

1. In a suit upon an insurance policy which provides that the insurer "shall not be liable under the policy for any greater amount, or any less, than the sum hereby insured bears to the whole amount of insurance on said property issued to, or held by, any party or parties having an insurable interest therein," insurance taken out by anybody on the property must be added together, and the loss pro-rated on that basis. Hartford Ins. Co. v. Williams, 63 Fed. Rep., 925.

2. It is not alleged in the answer that the $5,780.58 of insurance collected from the other insurance companies was sufficient to restore the loss of $7,094.35, or that it did restore it.

3. The only covenant that the lessee made with the landlord to restore the premises was to apply the insurance money in that way, and it would be absurd to say that the insurance company which pays that insurance money could be subrogated to the rights of the tenant and receive that same insurance money back.

JUDGE PAYNTER delivered the opinion of the court.

In July, 1889, Mrs. Leonora Thruston leased her property on Market street in the city of Louisville, to Octave Rassinier, for the period of fifteen years. By the terms of the lease Rassinier was to take down the buildings then upon the lots, and in their place erect a new building, which was to be at least of the value of $8,000. A corporation was organized known as the "Rassinier Hotel and Wine Company," to which Rassinier transferred his lease. Pursuant to the terms of the lease the old buildings were re-

moved and a new building was erected of the value of more than $15,000. The corporation became involved and made an assignment for the benefit of creditors. The appellee, Varble, by appropriate orders of the court, was made receiver of the leased property. It is stipulated in the lease that the second party shall keep the premises in repair and deliver the same at the expiration of the lease in good repair, and if he fails to keep the same in good repair, then the first party is at liberty to enter on the premises and make the repairs, etc. It is also stipulated in the lease that, "The second party agrees to take insurance and renew the same from time to time, as it may expire on the improvements in the sum of $8,000, to be assigned to said first party to guarantee the stipulations of this lease. In case of loss by fire, the insurance to be used in replacing said improvements under the conditions herein recited." At the expiration of the lease, Mrs. Thruston was to own the building erected upon her lots. Before the assignment a mortgage was executed to certain persons as trustees to secure the payment of seventy-two notes of Rassinier to the German Insurance Bank. Various policies of insurance amounting to $22,000, were procured upon the building which had been erected, and to the extent of $8,000, they were for the benefit of Mrs. Thruston, and the balance for the benefit of the trustees. These policies were procured by Varble, receiver.

It was provided in the several policies of insurance procured by Varble that, "In case of any other insurance upon the property hereby insured, then this company shall not be liable under this policy for a greater portion of any

loss sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein."

The appellant issued a policy of insurance to Mrs. Thruston on the building, she and her interest being described in language as follows:

"Lessor and owner in remainder as her interest may appear . . . . against all direct loss or damage by fire . . . . to an amount not exceeding $5,000." The building was partially destroyed by fire, and the loss was fixed at $7,094.35. The various insurance companies which had issued policies amounting to $22,000, paid $5,780.58 of the loss, which left $1,313.77 of it unpaid.

The question on this appeal is whether the companies which issued the policies amounting to $22,000, should pay the $1,313.77, or whether the appellant, Sun Insurance office, should pay it. The building was restored with the money which was paid by the insurance companies other than the appellant, and a sum furnished by Varble, receiver, out of the assets in his hands under an agreement with Mrs. Thruston. She assigned Varble, receiver, the benefit of the policy upon which this action was brought, and it is in her right the receiver seeks to recover.

The contention of the learned counsel for the appellant may be summarized as follows: (1.) That under the contract of the lease the tenant was obligated to restore the building to its condition before the fire, and the receiver having done so, Mrs. Thruston has sustained no loss, therefore no cause of action exists against the appellant. (2.)

That the policies which were issued to Varble, receiver, were on the lease hold interest which he held in the building, and the policy which the appellant issued to Mrs. Thruston was on her reversionary interest therein, therefore, as the policies issued by the other companies, and the one issued by the appellant are on different interests in the building, it is not double insurance; hence the appellant is not compelled to contribute with the other companies issuing policies to pay the loss.

At common law when the lessee expressly covenanted to repair his liability was not confined to cases of ordinary and gradual decay, but extended to injuries done to the property by fire, and if the premises were entirely consumed he was bound to restore them within a reasonable time. Reading v. Hall, 1 Bibb, 536; Bohannon v. Lewis, 3 Monroe, 380.

At common law the tenant was bound to pay the rent, though the premises should be destroyed by inevitable casualty, unless he, by contract provided otherwise. Helburn v. Mofford, 7 Bush, 169.

The common law has been abrogated by our statutes. Section 2297 Kentucky Statutes reads as follows:

"Unless the contrary be expressly provided for in the writing, no agreement of a lessee that he will repair, or leave the premises in repair, shall have the effect of binding him to erect similar buildings, if without his fault or neglect the same may be destroyed by fire or other casualty, nor shall a tenant, unless he otherwise contracts, be liable for the rent for the remainder of his term of any

building leased by him, and destroyed during the term by fire or other casualty without his fault or neglect."

It is not expressly provided in the lease that the lessee is to erect a similar building to the one on the leased premises in case it is destroyed by fire or other casualty without his fault. An agreement to "repair or leave the premises in repair," does not obligate the tenant to restore the building which is destroyed by fire or other casualty without his fault. The statute does not have reference alone to cases where the premises are "destroyed"—that is totally destroyed. It has reference to any case where the "fire or other casualty" injured the premises. It occurs to us that it would be unreasonable to suppose that the legislature intended to relieve the tenant from liability to erect a similar building and compel him to restore it when only one-half of the value of the building is destroyed by fire or other casualty. The effect of such reasoning is that, had the entire building been destroyed, and the loss occurred thereby been $15,000, the lessee would not have been compelled to erect a similar one, but as the fire injured the building so as to inflict a loss of only $7,034.95, he must be held liable therefor or repair the building. An agreement to "repair or leave the premises in repair," is confined to injuries which result from ordinary use and gradual decay of the property. Besides the writing evidencing the contract of lease shows that it was not contemplated by the parties that the lessee was under liability to restore the property from the effect of the fire. He was to have the building insured in the sum of $8,000, and assign the policy to the lessor, and in case of loss by

fire the "insurance was to be used in replacing the improvements." It must be presumed that the parties knew that a fire might produce not a total, but a partial loss of the building, and that a policy of insurance would be for indemnity in case of a partial as in one of total loss; hence we must conclude that the parties were contracting with reference to that condition, therefore it was to be used to replace the improvements, (meaning those to be placed on the lots by the lessee,) whether the loss was partial or total.

From our view of this case it is unnecessary to decide whether or not the doctrine as to the double insurance is as claimed, nor is it necessary to determine whether Mrs. Thruston's interest as "lessor" which the appellant insured (as well as her interest as owner in reversion,) could not be said to be substantially the same interest which the underwriters insured for the receiver, as the interest of the receiver and that of Mrs. Thruston was mutual and common in this, to-wit, the restoration of the building for the use during the lifetime of the lease.

The insurance companies had the right to place in their policies provisions defining and limiting their several liabilities, providing that they should not be liable for a greater portion of any loss sustained than the sum insured bore to the whole amount of insurance on the property "issued to or held by any party or parties having an insurable interest therein." They did not seem willing to contribute proportionately to a loss with the companies alone which issued policies on the same interest in the property, but by express and unmistakable language limited their liabil-

ity so they would not be required to pay a greater portion of any loss sustained than the sum they respectively insured bore to the whole amount on the property. The insurance held by any party having an insurable interest therein, must be taken into account. Their liability must be measured by the rule written in the policies, and under it each company had the right to prorate with other policies issued, including the one issued by the appellant, as Mrs. Thruston had an "insurable interest" in the property. It is not the business of a court to make contracts for parties, but to construe and enforce them.

Each of the policies issued to Varble, receiver, for the benefit of Mrs. Thruston and the mortgagees, contain a clause as follows:

"The interest of the mortgagee or trustee . . . . shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured." In our opinion this stipulation is limited and controlled by the more particular provision herein considered relating to prorating in case of loss.

In construing a similar clause in a policy of insurance in Hartford Fire Ins. Co. v. Williams et al, 63 Federal Rep., 928, the court said:

"In construing a contract like the one now in hand, it is our duty to look to all of the provisions of the agreement, and to give effect to what seems to have been the obvious intent and meaning of the parties. We would not be justified in ignoring an agreement in one part of the instrument, which is as clearly expressed as language could well express it, merely because it limits to some extent the scope of

general language employed in another part of the instrument.  It is very common in the construction of contracts and statutes to restrict the meaning of general words and phrases, when it is plain to be seen from particular provisions of the contract or statute that they were not intended to have the broad signification of which they are fairly susceptible."

It is not claimed that the mortgagor or the owner of the leasehold estate (being the estate upon which the mortgage was given,) did or attempted to do any act which invalidated the insurance or in any degree injured the mortgagees; neither did the mortgagees complain at the act of Mrs. Thruston in procuring the policy of insurance from the appellant.  Eight thousand dollars of the insurance was to be used in replacing the improvements, thus adding value to the property upon which the mortgagees held their lien; and in case that amount was insufficient to do so, Mrs. Thruston, if she desired to get any rent from the property, would be compelled to incur the balance of such expense.  In view of this fact it is difficult to see how the mortgagees are prejudiced by Mrs. Thruston's effort to provide the means for that purpose by taking the additional insurance.  If the property was maintained in the condition in which it was when the mortgage was executed the mortgagees had no right to complain.

Having reached the conclusion that the insurance companies (other than the appellant) have paid that portion of the loss which they contracted to pay, and that the lessee under the terms of the lease was not compelled to replace that part of the building destroyed, it follows that

the difference between what the companies paid and the total loss must fall upon Mrs. Thruston. The policy which appellant issued to her was to indemnify her against such loss and it must pay it.

We have considered the case of Eddy v. Corporation, 143 New York, 311.

The judgment is affirmed.