(108 So. 333)

HAYES v. WALDROP et al.   (6 Div. 633.)

(Supreme Court of Alabama.  March 25, 1926. Rehearing Denied May 13, 1926.)

1. Judgment ⟨key⟩874(2)—Clerk of circuit court has authority to receive amount of judgment rendered in court of which he is clerk (Code 1923, § 6723, subd. 3; Code 1907, § 3271).

Clerk of circuit court has authority to receive amount of judgment rendered in court of which he is clerk, either before or after issue of execution thereon, under Code 1923, § 6723, subd. 3, and Code 1907, § 3271.

2. Judgment ⟨key⟩874(1)—Attorney recovering judgment has authority to receive payment, and payment to him by clerk of court, in absence of notice of revocation of attorney's authority, binds client.

Where, in complaint to recover from clerk of court money paid to him on judgment in plaintiff's favor, it appeared clerk paid judgment to attorney of record who obtained it, demurrer thereto was properly sustained, since attorney obtaining judgment has authority to receive payment, and clerk is justified in pay-

ing him, in absence of notice that such authority has been revoked.

**3. Master and servant ⊜⇒411—Statute providing for satisfaction of judgment under articles 1 and 2 of Workmen's Compensation Act held to apply only where payment is made direct to plaintiff (Code 1923, § 7582; Laws 1919, p. 206, § 28A).**

Code 1923, § 7582, formerly Laws 1919, p. 206, § 28A, relating to discharge and satisfaction of judgment rendered under articles 1 and 2 of Workmen's Compensation Act upon presentment of release or discharge executed by party in whose favor judgment runs or upon employer's affidavit, applies only when payment is made direct to plaintiff, and not when payment is made to clerk of court.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Ellis Hayes against William J. Waldrop and the Fidelity & Deposit Company of Maryland. Plaintiff takes a nonsuit, and appeals from adverse rulings on pleading. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Richard H. Fries, of Birmingham, for appellant.

The plaintiff's attorney's fee is fixed by the act, and the rights and remedies granted in the act exclude all others. Acts 1919, p. 206, § 7; Woodward Ir. Co. v. Bradford, 206 Ala. 447, 90 So. 803; Georgia Cas. Co. v. Haygood, 210 Ala. 56, 97 So. 90. The act provides the manner in which payment shall be made. Code 1923, § 7582.

T. J. Judge, of Birmingham, for appellees.

The attorney is the proper party to receive payment of a judgment due his client. 6 C. J. 664; 2 R. C. L. 1005; Yoakum v. Tilden, 3 W. Va. 167, 100 Am. Dec. 738.

MILLER, J. This is a suit by Ellis Hayes for $855 against William J. Waldrop, the duly qualified, elected, and acting clerk of the circuit court of Jefferson county, Ala., from January 15, 1917, for a term of six years, and the Fidelity & Deposit Company, a corporation, the surety on the official bond of Waldrop as clerk of that court, for money collected by the clerk during his term of office under a judgment in that court in favor of plaintiff for $950, 10 per cent. thereof being due plaintiff's attorney, Charles C. McNabb, for obtaining the judgment, which the clerk failed and refused to pay to the plaintiff.

The complaint as filed contained one count. Demurrers of the defendants to it were sustained by the court. This count was then amended by plaintiff, and, as amended, demurrers of the defendant to it were sustained by the court. Plaintiff declined to plead further; took a nonsuit by reason of the adverse rulings to him by the court on the de-

murrers to the complaint. The nonsuit was granted by the court. Defendants were ordered to go hence without day, and to recover of plaintiff all costs of the cause, for which execution was directed to issue. This appeal is prosecuted by the plaintiff from that judgment, and the rulings of the court sustaining demurrers to the complaint as originally filed and as amended are the two errors assigned and argued in brief of appellant.

The complaint as originally filed contained only one count. It alleged that on November 20, 1920, in a cause under the Workmen's Compensation Act wherein said Ellis Hayes was plaintiff and Big Four Coal Mining Company was defendant, a judgment by agreement was duly entered in the circuit court of Jefferson county, Ala., in favor of plaintiff for $950 against said coal company, with an allowance of 10 per cent. as attorney's fee due Charles C. McNabb, to be deducted from the amount of said judgment. The $950 was duly paid to Waldrop, the clerk of the circuit court, on November 22, 1920, in payment of said judgment; but without plaintiff's authority, he, as such clerk, paid the whole amount of said judgment to said McNabb, and on November 24, 1920, plaintiff demanded this money of the clerk, but such payment was refused.

This count as amended contained all of the averments as originally filed, and added a copy of the entire record proper in the said suit by plaintiff for the $950 under the Workmen's Compensation Act as a part of the count. This showed that Charles C. McNabb was attorney of record for the plaintiff in that cause. The judgment in favor of plaintiff by agreement of the parties was rendered on November 20, 1920, for $950. The defendant, the coal company, in that cause, paid, on November 22, 1920, to the clerk of the circuit court $950 by draft in favor of plaintiff's attorney (McNabb), which was indorsed by McNabb, and it was drawn by defendant's attorney on the American Mine Owners' Mutual, Inc. Charles C. McNabb, as attorney for plaintiff on November 22, 1920, gave William J. Waldrop, the clerk of the circuit court, receipt for $950 in full payment of the judgment in this cause. The minutes of the court show that the court in that cause ordered, on November 20, 1920, "that the plaintiff's attorney's fee in this case be fixed at 10 per cent. (10 %), and the clerk is directed to pay the amount of this judgment to the plaintiff's attorney."

The complaint as originally filed and as amended clearly shows that Charles C. McNabb was the attorney of plaintiff in the cause of Ellis Hayes v. Big Four Coal Mining Company; obtained the judgment therein for plaintiff for $950; and owned a ten per cent. interest in it.

This court, in Robinson v. Murphy, 69 Ala. 547, writing on the authority of an attorney

after obtaining judgment for his client, stated:

"On the payment of money to him after judgment he may give a valid receipt, but a sale or assignment of the judgment does not lie within the scope of his authority. Boren v. McGehee, 6 Port. 432 [31 Am. Dec. 695]."

In Albertson v. Goldsby, 28 Ala. 717, 65 Am. Dec. 380, this court wrote:

"In this state, there is a plain manifestation of the legislative intent, that the authority of the attorney shall continue after the rendition of judgment."

The statutes are then referred to in the opinion.

The court then concludes thus:

"The denial of the attorney's authority after the rendition of the judgment would do violence to the statutes referred to. They evidently contemplate, that the attorney is to exercise a general superintendence over the process issued to enforce the payment of the judgment, which he has obtained for his client."

In Frazier v. Parks, 56 Ala. 366, writing on this subject, this court stated:

"Being attorney of record in the cause, he clearly had the right to receive the money due upon it; and he might so receive the money from a stranger. Receiving the amount in full, no matter by whom paid, Mrs. Kirby would no longer have the right to enforce the judgment for her benefit, but must look to Robinson, her attorney, for the money."

These principles are sustained by Smith v. Gayle, 58 Ala. 600, and Carrol v. Burgin et al., 159 Ala. 406, 410, 48 So. 667, 668, in which the court states in substance:

"It is held that an attorney who sues for money due his client has authority to receive the money, and a tender to him is equal to a tender to the client."

In 6 Corpus Juris, 665, headnotes 80 and 81, we find this general text:

"An attorney is also authorized to receive money paid to a clerk of the court in behalf of his client, and no order of court is necessary."

In 2 R. C. L. 1005, § 83, we find the following general text:

"It is generally conceded that where an attorney has recovered a judgment for his client he has authority, by virtue of his employment as attorney, to receive payment and enter satisfaction of the same."

[1, 2] This clerk of the circuit court had authority to receive the amount of this judgment rendered in the court of which he is clerk either before or after the issue of execution thereon. Subdivision 3 of section 6723 of the Code of 1923, and section 3271, Code of 1907. At the time the clerk received the $950 in payment of the judgment, and at the time he paid it to Attorney McNabb, it affirmatively appears from the original and amended complaint that McNabb was attorney of record for plaintiff in the suit in which the judgment was obtained, and by virtue thereof had authority to receive payment thereof from the clerk for his client. The clerk was justified in paying it to him, as there is no averment that McNabb's authority to receive it was revoked by the plaintiff, and due notice thereof was given to the clerk before this payment of the $950 was made by the clerk to him. Authorities supra. See, also, headnote 1 in 100 Am. Dec. 738 (Yoakum v. Tilden, 3 W. Va. 167), which reads as follows:

"Payment of judgment or decree to attorney of record who obtained it, before his authority is revoked, and due notice of such revocation given to the defendant, is valid and binding on the plaintiff, so far, at least, as the defendant is concerned."

[3] It is true section 28A of the Act of 1919, p. 206, now section 7582 of the Code of 1923, states how the judgment may be discharged and marked satisfied. It applies when the payment thereof is made by the defendant direct to the plaintiff. It has no application when the payment of the judgment is made, as in this case, not to the plaintiff, but to the clerk of the court in which the judgment was rendered.

It results, and we hold, that the trial court properly sustained the demurrers of the defendant to the complaint as originally filed and as amended.

The record is free from error, and the judgment is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.