## Van Billiard *v.* Croft & Allen Co., Appellant.

Argued December 3, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Carlos Berguido,* with him *Charles M. Willits* and *Francis Shunk Brown,* for appellant.—Where a written contract provides for compensation based on a percentage of all taxes, reduced recovery is limited to a percentage of taxes alone and does not include a percentage of interest and penalties: Gianni v. Russell & Co., 281 Pa. 320.

Under such contract, where it is shown that a partnership existed between plaintiff and another for the purpose of transacting such business, plaintiff is not entitled to a recovery in any amount.

*Alfred G. Muench,* with him *Philip L. Leidy,* for appellee.—The common, normal and ordinary meaning of the words "all taxes" is contended as being every contribution imposed by the State for its support, regardless of whether such contribution consists of principal, interest or penalty: Citizens S. & L. Assn. v. Topeka, 87 U. S. 653; Girard Trust Co. v. U. S., 270 U. S. 163.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1931:

The Internal Revenue Department of the United States having made $44,049.11 of additional income tax assessments against defendant company for the calendar years 1917, 1918, 1919, it entered into a written agreement with plaintiff, by which he agreed to examine the returns "in order to ascertain the correct net income" which was due, and was "to receive 25 per cent of the total amount of all taxes which I can reduce from the proposed additional assessment as shown on the revenue agent's report dated September 17, 1921," and covering these years. A reduction was obtained in the sum of $26,042.78, consisting of an abatement of $18,099.50 in the principal of the additional assessment, and $7,943.28 abatement of the interest and penalty, both of which were included in that additional assessment.

Plaintiff sued to recover 25 per cent of the $26,042.78, and the principal contention at the trial was whether he was entitled to a percentage of that sum or only of the $18,099.50, as defendant claimed. The trial judge was of opinion that the percentage was chargeable only on the unpaid balance of the smaller amount and directed a verdict for plaintiff in the sum of $520, the litigants agreeing, however, that, if the court in banc concluded that plaintiff was entitled "to a percentage of the [reduction of the] whole assessments, including penalties and interest,......it should enter judgment for the full amount of plaintiff's claim." The court in banc did so conclude, entered judgment in plaintiff's favor for $4,101.40, and defendant now appeals.

It will be observed that a decision of this primary question turns on the proper interpretation of the words "the total amount of all taxes which I can reduce from the proposed additional assessment as shown on the revenue agent's report," in the light of the situation existing at the time the agreement was made. The parties then had before them two tax bills aggregating $44,049.11, each so itemized as to show the amount of the

original extra assessments, the penalty thereon for failure to make a proper return, and the interest charged for failure to pay at the proper time. What defendant was seeking, was to have an abatement of the total amount which had been assessed against it. Whether the abatement came from the principal, interest or penalty made no financial difference to defendant. So, too, plaintiff was seeking to get 25 per cent of whatever abatement was allowed, no matter from what specific item it was made. With the bills thus before them, the three items aggregating "the proposed additional assessment as shown by the revenue agent's report," defendant agreed to pay to plaintiff "25 per cent of the total amount of all taxes" which were reduced. There was nothing to which that "total amount of all taxes" could apply except "the proposed additional assessment as shown on the revenue agent's report," and this included the additional penalty and interest. It is not possible,—with these additional assessments before them, divided as they were into principal, interest and penalty, and knowing, as defendant's president admitted he did, that, if the principal was reduced, the interest and penalty would ipso facto be proportionately abated, —that either party could have understood the agreement referred to the principal only, and yet this understanding not have been referred to in some way. So far as this record discloses, it was not even hinted at.

On the other hand, if we are to decide, by reference to the relevant Acts of Congress, what constitutes "the total amount of all taxes" appearing in "the proposed additional assessment as shown on the revenue agent's report," the decision is likewise against defendant. Section 274 (f) of the Revenue Act of 1924, which was in force when the agreement in suit was made, provided that "Interest upon the amount determined as a deficiency......shall be assessed at the same time as the deficiency......and shall be collected *as a part of the tax.*" And section 1003 of the same act provides for

penalties for failure to make proper returns, and that "The amount *so added to the tax* shall be collected at the same time and in the same manner and *as part of the tax.*" Possibly these statutory provisions are controlling, since defendant's officers were bound to know what the law was, but, since they were not then dealing with the government, and it is highly probable they did not in fact know, we prefer to plant our decision on the broader ground that, entirely aside from the statute, the true construction of the agreement is that it covered also the interest and penalties.

The only other point raised in the statement of the questions involved, which, of course, limits the matters necessary to be decided by us (Com. ex rel. v. Kline, 294 Pa. 562; Kriner v. Dinger, 297 Pa. 576), grows out of the allegation that there was sufficient evidence to justify a finding that plaintiff did not perform his part of the agreement, yet the court below refused to submit that question to the jury. It will be noted that plaintiff's only right was to recover a percentage of what "I can reduce." It appeared from the evidence that, some time after the agreement was made, plaintiff found he could not effect any reduction, and so, with defendant's consent, placed the matter in the hands of one Buckman, and it is alleged that he, Buckman, or those engaged by him, did all the work which resulted in the reduction of the government's claim. Buckman testified that, as respects this case, he and plaintiff were each to get fifty per cent of the fee paid by defendant; that he had received part of his share on checks drawn by defendant to his order, with the knowledge and consent of plaintiff; that he had not been paid in full, and was entitled to a portion of the amount still due by defendant. His status is not very clearly set forth, but enough is stated to justify the order we will make. It is, of course, true that the suit was properly brought in plaintiff's name alone, he being the only one named in the agreement, and it is further true that, if Buckman was acting as a

354

partner of plaintiff, payment to plaintiff would bind Buckman as a member of the partnership. So also if plaintiff was the principal and Buckman merely his agent, or interested only in the proceeds to be collected by plaintiff, payment to the latter would be all that was required. Buckman having been only a witness in the case, is not concluded by the judgment therein, however; defendant should not be required to take the risk of what Buckman might show in another suit, and can be fully protected therefrom only by being permitted to pay into court the amount of the judgment with interest and costs, with leave to plaintiff and Buckman to interplead in regard thereto, or to otherwise litigate their disputes over the fund, without subjecting defendant, who, as respects that dispute, is a disinterested party, to any further or other litigation or risk.

The judgment of the court below is affirmed, with leave to defendant to pay into the court below the amount of the judgment with interest and costs in full satisfaction and discharge of its liability to plaintiff and Buckman for services rendered in relation to the reduction of said additional income tax assessments.