159 So. 822

## COMMONWEALTH INS. CO. OF NEW YORK v. TERRY et al.

8 Div. 631.

Supreme Court of Alabama.

Feb. 28, 1935.

F. W. Davies and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

J. S. Mead, of Birmingham, for appellee Liverpool & London & Globe Ins. Co.

BOULDIN, Justice.

The appeal is from a decree sustaining demurrers to a bill of interpleader in equity.

The allegations upon which the equity of the bill is based may be summarized as follows:

"That the complainant did on the 16th of October, 1931, issue a policy of fire insurance in the sum of Twenty-two hundred dollars ($2,200.00) to the respondent, W. R. Terry, covering the following respective properties and amounts:

Dwelling house .....................$500.00
Household furniture ................ 500.00
Barn No. 1 ........................ 500.00
Hay, grain etc. contained in Barn No.
    1 ............................. 700.00

"That said property was damaged or destroyed by fire on the 24th day of November, 1931; that W. R. Terry instituted a suit on said policy in the Circuit Court of Lawrence County, Alabama, and after a trial thereof, judgment was rendered in favor of the said W. R. Terry against the complainant, for the sum of Two Thousand Three Hundred Eighty

W. L. Chenault, of Russellville, for appellee Terry.

& 32/100 Dollars ($2,380.32), arrived at as follows:

Dwelling house ....................$420.00
Household furniture .............. 500.00
Barn ........................... 500.00
Contents of barn ................. 668.00
Interest ....................... 292.32."

At the time the insurance was taken out, the insured improvements were subject to a mortgage given by the insured to Federal Land Bank of New Orleans, which mortgage, in the sum of $4,000, was still unpaid, and in default when the bill was filed.

Said mortgage stipulated that the mortgagor should keep the buildings insured, with loss payable to the mortgagee as its interest should appear, the policy to be delivered to the mortgagee.

The mortgagor insured in his own name, not naming the mortgagee. It is averred that, nevertheless, in equity the Federal Land Bank is entitled to the insurance fund representing the loss on the dwelling.

It is further averred in this connection that the mortgagor had taken out a prior fire policy on the dwelling with Liverpool & London & Globe Insurance Company for $2,000, which policy was made payable to the mortgagee, as its interest should appear; that both policies had pro rata clauses, whereby the recovery on each was limited to such proportion of the insured loss as such policy bore to the whole insurance; that the trial court, in rendering judgment on the policy issued by complainant, had fixed the full value of the dwelling at $2,800, an insured value of $2,100, and on such basis fixed the amount recoverable on this policy at $420, the balance of $1,680 to be allocated to the Globe policy.

But, the bill avers, the Globe policy contained a mortgage clause, made exhibit to the bill, known as New York standard mortgage clause with full contribution.

The mortgagee, land bank, claims that under such contract it is entitled to recover of the Globe Company the full amount of $2,000, the face of the policy. In turn, it is averred, the Globe Company claims that, if it be required to pay such sum in full, then it is entitled to be subrogated in equity to the sum of $320, part of the sum of $420 recovered on policy issued by complainant, thus limiting the mortgagee's total recovery to $2,100, the insured value of the dwelling.

The bill further alleged that the policy issued by complainant to W. R. Terry covered household furniture of any member of his family; that Mrs. W. R. Terry claims the insured furniture belonged to her, and she has made demand on complainant to pay the sum awarded for its loss to her; that W. R. Terry denies her ownership of the property, and demands said funds. The bill, verified by affidavit, avers no collusion between complainant and any of the respondents, that it is in the position of a stakeholder, etc.

By amendment it is further averred that since the filing of the original bill Mrs. Terry has caused a writ of garnishment to issue and be served on complainant to subject the money due to W. R. Terry to the payment of a decree in her favor for alimony, support, and maintenance.

By further amendment it is averred that, prior to the filing of the original bill, but unknown to complainant at that time, W. R. Terry, plaintiff in the judgment at law, had transferred and assigned such judgment to the Citizens' Bank of Moulton, Ala., which bank is now making demand for said sums of money.

By still further amendment it is averred that, before the filing of the bill, W. R. Terry had assigned such judgment to N. E. Deleshaw and Will S. Howell, doing business as the firm of Deleshaw & Howell.

It is then averred W. R. Terry denies that any of the claimants are entitled to any part of the funds paid into court; that each of the respondents claims priority over all other claimants; that complainant does not know who is entitled to such fund, nor the amount and priority of such claims, wherefore complainant has brought the fund into court.

W. R. Terry, Mrs. W. R. Terry, Federal Land Bank, and Liverpool & London & Globe Insurance Company were made respondents to the original bill, and other claimants above mentioned brought in by the amended bill.

The prayer is that complainant be permitted to pay the money into court; that this be taken as a bill of interpleader; that respondents be required to propound their respective claims, etc.

The decree appealed from sustained demurrers interposed by W. R. Terry going to the equity of the bill.

The general principles governing bills of interpleader in equity have been frequently defined and applied in our decisions, and need not be here restated. Crass v. Memphis & Charleston Railroad Co., 96 Ala. 447, 11 So. 480; Wheeler et al. v. Armstrong, 164 Ala. 442, 51 So. 268; Catts v. Sipsey Coal Mining Co., 212 Ala. 421, 102 So. 895; Modern Order of Praetorians v. Merriman et al., 204

Ala. 197, 85 So. 473; King et al. v. Woodlawn Lumber Co., 201 Ala. 539, 78 So. 893; Alexander City Bank v. Home Ins. Co. of New York, 214 Ala. 544, 108 So. 369; Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632; Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 So. 370.

In the decrees sustaining demurrers, the trial court took the view that, because the insurance was taken out by W. R. Terry, in his own name, he alone could sue and recover thereon, and hence the insurer was not endangered with a multiplicity of suits, with the hazards of a double recovery, because of conflicting claims alleged as of the date the original bill was filed.

Notwithstanding, the insurer had no defense at law against a recovery on the policy by the payee; it would not follow that, by reason of the relations between the payee named in the policy and third persons, equities might not arise which, brought home to the insurer before the money was paid, the insurer was due to respect.

■ Thus, if by contractual relations between mortgagor and mortgagee the insurance should have been taken out for the mortgagee's benefit, equity, treating that as done which ought to have been done, may, in a proper case, declare an equitable lien on the proceeds in favor of the mortgagee. Shadgett v. Phillips & Crew Company, 131 Ala. 478, 483, 31 So. 20, 56 L. R. A. 461, 90 Am. St. Rep. 95; Houston Canning Co. et al. v. Virginia Can Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912; 8 Couch on Insurance, §§ 6442, 6450.

Touching the right of subrogation claimed by the Globe Company, in case that company be required to pay the mortgagee the full amount of the policy issued on the dwelling, attention is called in brief to conflicting authorities in the several states as to whether the pro rata clause applies under the conditions here alleged. Queen Ins. Co. v. People's Union Sav. Bank (C. C. A.) 50 F.(2d) 63; Newark Fire Ins. Co. v. Turk et al. (C. C. A.) 6 F.(2d) 533, 43 A. L. R. 496, and cases cited therein; Hartford Fire Ins. Co. v. Williams et al. (C. C. A.) 63 F. 925; Sun Insurance Office v. Varble, Receiver, etc., 103 Ky. 758, 46 S. W. 486, 41 L. R. A. 792; Pennsylvania Co., etc., v. Aachen & Munich Fire Ins. Co. (D. C.) 257 F. 189.

■ This court has held that, where the undisputed facts averred disclose that a claimant, as matter of law, clearly has no valid claim, a bill of interpleader will not lie. A party should not institute litigation on the mere possibility that a wholly unfounded suit may be brought by another. Modern Order of Praetorians v. Merriman et al., supra.

■ But this rule does not conflict with that recognized by the great weight of authority to the effect that, if the applicable law is unsettled, as where the construction of stipulations in a contract is the subject of conflicting decisions of other appellate courts, interpleader may be had because of doubt as to the law.

On principle, the annoyance of more than one suit and the hazard of a double recovery for the one liability may easily arise where the law of the case is in such doubt or uncertainty that attorneys may reasonably advise their clients, the conflicting claimants, to bring suits and test their respective claims. 33 C. J. pp. 432, 433, notes 67 and 74.

■ Touching the claim of the wife to the proceeds of insurance awarded for the loss of household furniture, the bill discloses a controversy of fact between husband and wife as to the ownership. The stakeholder is not required to take the risk of choosing between the two in such case. His protection, as well as that of the conflicting claimants themselves, is best subserved by a proceeding wherein each can fully present his side of the case. The equity of the bill on this issue is clear, unless, as matter of law, the husband was clearly entitled to such fund, regardless of title and ownership. We are not called upon at this stage to determine the law of the contract in that regard. The question should be first decreed by the trial court and reviewed by this, as an appellate court. Suffice to say, in passing on the equity of the bill in this regard, it is not clear, as matter of law, that the husband is entitled to this insurance if the insured property was owned by the wife. We have in mind the well-defined policy of our laws securing to a married woman her separate estate, free from the uses of the husband. As for authority elsewhere, the case of Concordia Fire Ins. Co. v. Alexander (Mo. App.) 50 S.W. (2d) 687, is quite in point, sustaining the equity of interpleader in such case.

■ We are of opinion the original bill has equity on both grounds because of conflicting claims above discussed.

■■ As for amendment setting up assignment of the judgment prior to the filing of the original bill, but unknown to complainant at that time, it does not appear wherein complainant could be prejudiced by an assignment not brought to its knowledge, if the judgment had been paid prior to such notice,

in the absence of an averment of an assignment in such form as to charge the judgment debtor with notice. But, the original bill having equity, it was proper to bring in the several claimants for a final adjudication and complete relief.

 The fact that the demand had gone to judgment at law in favor of W. R. Terry, the person named in the policy, would not cut off the equity of interpleader. Fowler v. Lee, 10 Gill & J. (Md.) 358, 32 Am. Dec. 172; Van Slyck v. Dallas Bank & Trust Co. et al. (Tex. Civ. App.) 45 S.W.(2d) 641; Van Billiard v. Croft & Allen Co., 302 Pa. 349, 153 A. 555; 33 C. J. 443. It was the right of the insurer to test the fact and amount of liability on the policy and to have determined in this case the insurance payable on each loss. The judgment in this latter regard served to settle the amount due each claimant whose claim is sustained on final hearing.

Finally, it is argued, and seems to have been the view of the trial court, that it was the right of the judgment debtor to pay the judgment to the clerk of the court under Code, § 6723, and such payment would fully protect the complainant against all equities, although then fully known to complainant, and demands made on it by the holders of such equities.

No such effect is to be given section 6723, subd. 3. It merely authorizes the clerk to receive payment of judgment for debt with costs, whether execution is in the hands of the sheriff or not. If execution is in the hands of the sheriff, the clerk must also collect his commissions. Code, § 6729.

 On payment of such funds to the clerk, the plaintiff, or his attorney of record, has the right to receipt for and withdraw such funds. Hayes v. Waldrop et al., 214 Ala. 534, 108 So. 333.

 Whether the clerk could withhold the same because of claims of other parties, not appearing on his records, we need not decide. We do hold the judgment debtor could not thus shift his responsibility to the clerk, and so defeat just claims to the fund known to such judgment debtor.

The bill presents no case of double liability by contract, or by way of estoppel, which will defeat a bill of interpleader. Finn v. Missouri State Life Ins. Co., supra.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.