## WOODSIDE, agent, *v.* TALLEY.

HOLDEN, J. 1. The provision in the lease contract, "that should the premises be destroyed or damaged by fire so as to be untenantable, the conditions of this lease shall cease from the date of fire until the premises shall be restored to as good condition as they were in previous to the fire," was for the benefit of the lessee so as to exempt him from the payment of rent, if the premises were destroyed or injured by fire, until the premises were restored to the condition they were in prior thereto; and if the above-quoted provision contemplated that such restoration should be made if the premises were injured or destroyed by fire, in view of all of the provisions of the contract no obligation was imposed on the lessor to effect such restoration.

2. The petition of the lessee bringing suit against one alleged to be the lessor for a violation of the contract in refusing to repair the premises after they were injured by fire was subject to general demurrer, and the court committed error in overruling the demurrer of the defendant to the petition.        *Judgment reversed. All the Justices concur.*

NOVEMBER 16, 1910.

Action for breach of contract. Before Judge Bell. Fulton superior court. September 29, 1909.

W. M. Talley brought suit against "John J. Woodside, agent for Mrs. E. J. Mitchell and Mrs. G. M. Bridges," for damages because of an alleged violation of a contract whereby the plaintiff alleged he leased from the defendant certain property which was injured and damaged by fire before the termination of the lease and while the plaintiff was in possession. It was alleged that the violation of the contract consisted in the refusal of the defendant to repair the property and restore it to the condition it was in before the fire occurred. A copy of the lease contract was attached to the petition. To the order of the court overruling his demurrer the defendant excepted. The lease contract contained the following provisions: "Said party of the second part further agrees to repair at his own expense any damage to water pipes caused by freezing or any neglect on his part, and to pay the water-rent on said premises; and not to assign this lease, sublet the premises or any part thereof, nor rent or lease the whole or any part of the premises to any other person without the written consent of the said John J. Woodside, agent; and he further agrees that he will deliver the premises at the expiration of this lease in as good order and repair as when first received (natural wear and tear excepted). Said John J. Woodside, agent, agrees that should the premises be destroyed or damaged by fire so as to be untenantable, the con-

ditions of this lease shall cease from the date of fire until the premises shall be restored to as good condition as they were in previous to the fire, and the said agent reserves the privilege to put a card 'For Sale' on this property at any time, and to put a card 'For Rent' on this property thirty days before the termination of this contract. The said second party further agrees that the prospective tenants shall be permitted, during reasonable hours, to inspect the house at any time during the last thirty days of this lease. It is further agreed by both parties to this contract that the said second party agrees to release said first party from any and all damages to both person and property during this contract. Said party of the first part further agrees that the said agent, or any other person employed by him for the purpose, shall have the right at any time to enter said premises and thoroughly inspect the same, as to condition of same, repairs, etc., and shall have the right to make such repairs to the house, grounds, or fencing, as in his judgment seems necessary at any time during this lease. It is further agreed by both parties to this contract that the said second party agrees that under no circumstances will he sublet the above-described premises, and in renting the above-described premises the said second party's attention is specially called to the above clause, and to the following clause. It is further agreed by both parties to this contract that the said second party shall take the above-described premises in their present condition, knowing the premises are in bad repair and agreeing to make such repairs and improvements as are necessary at his own the said second party's expense, and further, to require no repairs or improvements from said owner or agent. It is further agreed by both parties to this contract that the said second party agrees to re-cover such part of the building as is leaking and needs re-covering, also agrees to do what bracing is necessary to keep the building and roof in a strong and substantial manner, and agrees that this work is to be done within the next 60 days. All repairs and improvements put on the premises by the said second party shall become the property of the said first party. Said second party agrees to release said first party from any and all damages to both person and property during this contract."

*C. W. Smith* and *M. A. Hale,* for plaintiff in error.

*R. B. Blackburn,* contra.