## Saulsberry v. North American Refractories Co.

June 2, 1939.

H. R. Wilhoit for appellant.

John M. Theobald and Thos. D. Theobald, Jr., for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Carter Circuit Court awarding $500 damages to appellant, W. F. Saulsberry, for two easements which the appellee sought and obtained. The appellee, North American Refractories Company, is engaged in the business of manufacturing fire brick from fire clay. It obtains the fire clay from a mine within three miles of Aden, Carter County, Kentucky, and ships it from Aden to its plant in Ashland, Kentucky, where it is converted into brick. Two other companies (the Louisville Fire Brick Company and the Aden Mining Company) have tipples at the Aden switch and one of them was used by the appellee prior to the institution of these proceedings. It is alleged that the tipple could be utilized only when idle; that the use of a county road made the transportation from mine to switch costly and difficult, and that it was impossible to use it in certain seasons of the year. The appellee sought a right-of-way for a tramroad over the land which lay between its mine and the Aden switch and an easement for the construction of a spur and tipple, on the same land, which would join the tramroad to the Aden switch. The tramroad proposed would run approximately parallel to the old county road, but on the hillside above appellant's property rather than in the hollow. The land over which the road would run is owned by appellant and three other co-tenants. Commissioners were appointed to determine the extent of the landowners' damages, and appellant alone excepted to their findings and moved to quash their reports. The appellee and the three other co-tenants had, in the meantime, reached an agreement. On a trial of the consolidated proceedings for the easements, a judgment awarded to appellee the relief sought, and awarded to appellant the sum of $1,100 damages. Both parties appealed to the Carter Circuit Court and the damages were reduced to $500. From that judgment, the appellant filed an appeal after his motions for a new trial were overruled. The switch and tramroad have been constructed and are now in operation. Appellant insists (1) that appellee had no capacity to maintain the proceedings, (2) that the proceedings for the spur track and tipple do not conform to Kentucky Statutes, Section 815, (3) that the proceedings for the tramroad do not

conform to Kentucky Statutes, Section 3779a-1, (4) that there is no necessity for the easements sought, and (5) that the property is sought for a private use.

The fact that appellee is a corporation organized under the laws of another state does not preclude its right to maintain this proceeding. The question is fully considered and adequately answered in Goose Creek Lumber Company v. White, 219 Ky. 739, 294 S. W. 494. See, also, Potter v. Gardner, 222 Ky. 487, 1 S. W. (2d) 537.

It is asserted that Section 815 of the Kentucky Statutes authorizes the condemnation only "from" or "to" a mine and "to" or "from" a railroad for the purposes of a railroad spur. Similarly it is urged that Section 3779a-1 authorizes condemnation of a tram road only "to reach" a railroad switch; etc. From this premise it is insisted that appellee is without right to combine the two and proceed partially by tramroad and partially by spur track to reach the main line of the railroad. In other words, appellant argues that there is no authority to condemn property for a railroad spur to reach a tramroad not yet in existence and similarly there is no authority to condemn property to reach a railroad spur not yet constructed. Clearly, if appellee already owned the tramroad it could hardly be doubted but that it might span the gap by condemning land to construct a spur track. Likewise, if it already owned a spur track there could be no doubt of its ability to condemn a tramroad to reach the track. "It cannot obtain its whole right of way at once." Calor Oil & Gas Company v. Franzell, 128 Ky. 715, 109 S. W. 328, 332, 33 Ky. Law Rep. 98, 36 L. R. A., N. S., 456. We see nothing unreasonable in proceeding simultaneously to condemn both. Compare Goose Creek Lumber Company v. White, supra, where a tramway was condemned to meet another tramway.

It is also insisted that the right to condemn "not exceeding two acres of land at such railroad or stream for the purpose of necessary buildings," under Section 815, does not authorize the construction of a tipple because a tipple is not a "building." The word "building," when used in a statute, must be construed with its context. 12 C. J. S. 378. The word is derived from the Anglo-Saxon "bold," meaning a dwelling. It is recognized in Webster's New International Dictionary to be

synonomous with "structure." Certainly it was not the intention of the Legislature in enacting Section 815 of the Statutes to permit the condemnation of two acres of land for dwelling houses. We think the tipple comes within the ambit of necessary buildings or structures and that its location on the spur track was proper.

It is insisted that no necessity is shown for the easements sought and that the property is taken for a private use. The proof clearly establishes the practical necessity for the rights-of-way. So far as the private use is concerned, this contention was urged and answered in Goose Creek Lumber Company v. White, supra, where we said [219 Ky. 739, 294 S. W. 496]:

> "The evidence shows that the owners of this tram are permitting others to use it under contract, and, if they should refuse so to do, such persons could enforce their rights under the provisions of Section 6, supra, and so long as the use of the tram is continued the owner may be compelled to permit its proper use by every one who desires so to do upon the payment of proper compensation as provided in the statute. Nor may the owner close such passway to the use of such persons so long as the owner continues to use it. This constitutes it a public use, even though it may abandon its easement upon ceasing to use it."

Appellant advances various other contentions of minor importance in which we find no merit. We deem it unnecessary to discuss each of these items in detail.

Judgment affirmed.