## ROBERTS v. COMMERCIAL CASUALTY INS. CO.

No. 10550.

Circuit Court of Appeals, Sixth Circuit.

May 17, 1948.

John Davis, of Lexington, Ky. (John L. Davis, of Lexington, Ky., on the brief; Stoll, Townsend, Park, Mohney & Davis, of Lexington, Ky., of counsel), for appellant.

R. P. Hobson, of Louisville, Ky. (R. P. Hobson and Thos. S. Dawson, both of Louisville, Ky., on the brief; Woodward, Dawson, Hobson & Fulton, of Louisville, Ky., of counsel), for appellee.

Before SIMONS, McALLISTER and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The insurance company in a contract with the appellant's decedent, undertook to

pay the appellant, as beneficiary, $10,000 in the event of the insured's death, and an additional $10,000 if the insured died "in consequence of the destruction, by fire, of a building while the insured is therein," the latter provision being scheduled under the heading "Double Indemnity." It is the applicability of this provision to the circumstances causing death that presents the sole issue on the appeal, the district court having decided that the appellant was not entitled to double indemnity.

The facts were found as stipulated. Summarized, they show that the insured was James Madison Roberts, husband of the appellant; that he died as the result of a fire which originated in a suite occupied by him and his wife in the Cumberland Hotel in the City of Middlesboro, Kentucky, in the early morning of July 26, 1945. The hotel was a commercial hotel of 120 rooms, of which the insured was the manager. The suite consisted of a sitting room and bedroom, with bath between, and at the time of the fire the insured was in the sitting room. All of the plaster and lathing of this room were so burned by the fire that it became necessary to replace both. The window frames, doors and door frames were so badly burned that they had to be removed and replaced with new. The woodwork across the hall was burned and charred, and 16 other rooms were, to some extent, damaged by fire. The fire insurance loss for damage to the building amounted to $3,397.64 and for damage to the furnishings, $668.80.

As briefed and argued, two questions of interpretation are presented: Was the Roberts suit a building within the double indemnity provision, and if so was it destroyed? The district court gave no answer to the first query, undoubtedly because no answer was required in view of its response to the second. It concluded that the word "destruction," as used in the policy, must be construed as meaning to annihilate, demolish or wipe out; that in order for there to be a destruction the unit in question must become non-existent. This was in reliance upon three Kentucky cases: Davis v. Parker, 200 Ky. 847, 255 S.W. 836; Louisville & N. R. Co. v. Commonwealth,

190 Ky. 78, 226 S.W. 113, and Springfield Fire & Marine Ins. Co. v. Ramey, 245 Ky. 367, 53 S.W.2d 560.

The term "building" has been applied in various contexts to a variety of structures, including a traveling crane, Great Eastern Casualty Co. v. Blackwelder, 21 Ga.App. 586, 94 S.E. 843, and an automobile trailer, Ætna Life Ins. Co. v. Aird, 5 Cir., 108 F.2d 136, 125 A.L.R. 1436, affirming D. C., 27 F.Supp. 141. In Goedecke v. Zurich General Accident & Liability Ins. Co., Mo. App., 7 S.W.2d 309, 312, it was said, "What is a building must always be largely a question of degree; and, taken in its broadest sense, the expression refers to an erection intended for use and occupancy as a habitation, or for some purpose of trade, manufacture, or ornament. Inasmuch as a structure of this type must of necessity consist of certain integral parts, such as the walls and roof, the term 'building' must, of itself, be broad enough to comprehend any or all of such integral parts." Apartments were construed as buildings within the meaning of an English statute in Tom v. Luckett, 5 Manning, Granger & Scott 22. Kentucky cases likewise recognize the flexibility of the word "building." A Kentucky statute permitting condemnation of land for buildings included the erection of a tipple, Saulsberry v. North American Refractories Co., 278 Ky. 808, 129 S.W.2d 525, and in Netter v. Scholtz, 282 Ky. 493, 138 S.W.2d 951, the court commented upon the marked tendency to construe the term to cover structures that ordinarily would not fall within the strict definition of the word. Our conclusion is that the Roberts suite, being an integral part of the hotel building, was a building within the terms of the double indemnity clause of the policy.

The problem that remains is whether the suite, considered as a building, was destroyed. Undoubtedly, the term "destruction" is synonymous in some contexts with "annihilation," and yet it has been recognized by many courts, and specifically by the Kentucky Court of Appeals in Davis v. Parker, supra, that it is well known that in a loose and careless way the word is used in the sense of injury or damage. Indeed, the court below itself demonstrated

this usage when it said, in the controlling sentence of its conclusion of law, "In order for there to be a destruction the destroyed unit must be not left and it must become non-existent."

■ We deal here with an insurance contract. It is conceded that for the added protection accorded to the insured by the double indemnity schedule, a consideration therefor was included in the premiums. If, therefore, in the light of modern urban conditions of work and housing, we search for the protection accorded to the insured by the disputed clause as below interpreted, it becomes difficult, if not almost impossible, to perceive the protection accorded by it. It may be said, we think, with at least reasonable accuracy, that it is so unusual for a building to be completely annihilated that the possibility of such result may be excluded from consideration. If the clause is to be so interpreted as to afford protection only upon complete annihilation, it covered no hazard while the insured was within any building of modern steel construction, or indeed in any building of brick, stone or concrete. He received nothing for his additional premium if he lived in an apartment building or hotel, or spent his working hours in office building, store or factory. This counsel seemed to concede when, in argument, he failed to press his earlier concept of destruction as annihilation to its uttermost logical limit. In the light of generally accepted insurance doctrine the phrasing must be given a reasonable construction, and so construed it must have been intended by the parties that a measurable degree of protection be afforded to the insured and a substantial hazard assumed by the insurer.

The Kentucky cases now urged upon us and those relied upon by the court below, do not compel a contrary view. Davis v. Parker, supra, construed a provision in a lease requiring the lessor to replace a building if it "shall be destroyed by fire or tempest in such a manner as to render the same untenantable." It recognized degrees of destruction, for the holding was that the provision required rebuilding only if the structure was partially destroyed, and that there was no such requirement if the structure was annihilated. Here again is sensed the difficulty of using the term "destroyed" or "destruction" in the sense of annihilation. Winter v. Taylor, 224 Ky. 827, 830, 7 S.W.2d 209, construed a Kentucky statute which provided that, unless the contrary be expressly provided, no agreement of the lessee to repair shall have the effect of binding him to erect similar buildings, if without fault the same are destroyed by fire or other casualty. Section 2297, Ky. Stat. In Sun Insurance Office v. Varble, 103 Ky. 758, 46 S.W. 486, 41 L.R.A. 792, the court held that the statute does not have reference alone to cases where the premises are destroyed—that is, totally destroyed. It has reference to any case where the fire or other casualty injured the premises, and this construction was reaffirmed in King & Metzger v. Cassell, 150 Ky. 537, 150 S.W. 682, 42 L.R.A., N.S., 774. But even if these cases are to be otherwise read, they mean only that the provisions of the statute must be construed in the light of the legislative purpose in enacting it, and they cannot mean that the word "destruction" must necessarily have the same connotation in other contexts. We pointed this out in respect to a similar argument in Chicago Bank of Commerce v. McPherson, 6 Cir., 62 F.2d 393 at page 397, where, in construing a will creating a trust for public welfare uses, and a Michigan statute had defined the phrase, it was still our obligation to determine the intent of the testator without regarding the statutory definition, as conclusive.

■ Were we disposed to labor the argument this opinion could be greatly extended by citation of numerous authorities including cases involving crimes and torts wherein the term "destruction" was interpreted to mean something less than complete annihilation. It is sufficient, we think, to cite § 221, Restatement of Torts, wherein it was said that destruction of a chattel is meant harm that substantially affects its value, and does not necessarily mean complete demolishment. Nor is it necessary to point to the rule that clauses in an insurance policy are to be construed most favorably to the insured, except to observe that the rule is applicable even when a question of double liability may be involved. Cedregren v. Massachusetts Bond-

ing & Ins. Co., 8 Cir., 292 F. 5. This is not to say, of course, that any inconsequential injury to a building means its destruction, for every case must be determined upon its own facts. Our conclusion is that where, as here, the result of fire is such as to require substantial structural changes in the damaged premises and to render them untenantable for a substantial period of time, there has been destruction within the meaning of the policy provision.

Reversed and remanded to the court below for the entry of a judgment in favor of the appellant.

MILLER, Circuit Judge, dissents.